■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMAS ROMERO, Also Known as THOMAS ROMERO, Appellant.— Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered February 21, 1989, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to two concurrent indeterminate terms of 4½ to 9 years' imprisonment, unanimously affirmed.

Defendant's conviction arises out of his arrest for the street sale of crack cocaine to an undercover officer in exchange for premarked currency. The exchange was observed by another officer, and the premarked currency and additional drugs were recovered from defendant's person at the scene.

Viewing the evidence in the light most favorable to the People, defendant's guilt was proven beyond a reasonable doubt. *(People v Contes,* 60 NY2d 620.)* The trier of fact is in the best position to observe the demeanor of the witnesses and assess their credibility. *(People v Mosley,* 112 AD2d 812, 814, *affd* 67 NY2d 985.)* No basis to disturb the jury's findings appears on this record.

Defendant now argues that he was denied his right of confrontation when, in his absence, a postcharge conference was held among the Trial Judge, defense counsel and the Assistant District Attorney, which was limited to noting defense counsel's exceptions to the court's charge to the jury. The conference cannot be considered a material stage of the trial *(see, People v Ciaccio,* 47 NY2d 431) at which defendant's absence, without objection before the trial court, affected any

substantial right of the defendant *(see, People v Van,* 161 AD2d 326, *lv denied* 76 NY2d 867), or bore any reasonably substantial relation to defendant's opportunity to defend against the charges *(see, Snyder v Massachusetts,* 291 US 97). Concur—Carro, J. P., Asch, Kassal and Smith, JJ.